# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KAMRAN STAFFING, INC.,

    Plaintiff,

v.                                                                                              CASE NO.  8:16-cv-759-T-26AEP

SOUTH EAST PERSONNEL
LEASING, INC., *a Florida corp.*,
STATE NATIONAL INS. CO.,
*a Texas corp.*, PACKARD CLAIMS
ADMINISTRATION, INC., *a Florida corp.*,
and DOES 1-60,

    Defendants.
_____/

# O R D E R

**UPON DUE AND CAREFUL CONSIDERATION** of the well-pleaded factual allegations of the Third, Fifth, and Sixth Causes of Action pleaded in the Plaintiff's complaint (as well as Exhibits A and B attached to the complaint),[1] which this Court must accept as true at this early juncture of the proceedings, and construing those factual

---

[1] In considering a motion to dismiss a complaint, the Court may examine an exhibit attached to that complaint. See Fed. R. Civ. P. 10(c) (providing in pertinent part that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")

allegations in the light most favorable to the Plaintiff,[2] it is **ORDERED AND ADJUDGED** that the Defendant State National Insurance Company's Motion to Dismiss Third, Fifth, and Sixth Causes of Action or Motion for More Definite Statement (Dkt. 24), filed pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, is **denied.** In the Court's view, the Plaintiff's detailed factual allegations pleaded in paragraphs one through sixty-six of the complaint, together with Exhibits A and B, are more than sufficient to survive the Defendant State National's motion to dismiss in that those allegations state claims for relief that are plausible on their face against the Defendant State National for breach of contract/third-party beneficiary, for violation of the Florida Deceptive and Unfair Trade Practices Act, and for unjust enrichment.[3] The Court is more than satisfied that the Plaintiff's allegations, coupled with Exhibits A and B, are more than sufficient to allow the Court to draw the reasonable inference that the Defendant State National is liable to the Plaintiff for the misconduct alleged against it in the Plaintiff's Third, Fifth, and Sixth Causes of Action.[4]

---

[2] See Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1270 (11th Cir. 2016) (quoting Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003), for the proposition that a court must accept the allegations of a complaint as true and construe those allegations in the light most favorable to the plaintiff).

[3] See id.

[4] See id.

The Court is also satisfied that the Plaintiff's complaint is not so vague or ambiguous that the Defendant State National cannot reasonably prepare a response, as the Defendant South East Personnel Leasing, Inc., was able to do.[5]

The Defendant State National shall file its answer and defenses to the Plaintiff's complaint within **fourteen (14) days** of this order.

**DONE AND ORDERED** at Tampa, Florida, on May 26, 2016.

       s/*Richard A. Lazzara*
       **RICHARD A. LAZZARA**
       **UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

---

[5] <u>See</u> docket 22.